UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------X

In re: Subpoenas Issued to CVS Pharmacy, Inc.,

In the Matter of

RUSH INDUSTRIES, INC.,

Plaintiff,

-against-

GARNIER LLC, AND JOHN DOES 1-5,

Defendants.

---------------------------------------------------------------X

**MOVANT REQUESTS AN EMERGENCY HEARING ON ITS MOTION**

CIVIL ACTION No.:

**MOTION TO QUASH OR FOR A PROTECTIVE ORDER**

MISC 06 107 ML

NOW COMES movant CVS PHARMACY, INC., pursuant to Rules 26(c) and 45(c) and moves this Court, at the United States Courthouse, One Exchange Terrace, Providence, Rhode Island, for an Order pursuant to Rule 45(c) of the Federal Rules of Civil Procedure quashing the subpoena or, in the alternative, for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. **The deposition is scheduled for Wednesday, November 29, 2006 at 10:00 a.m. The movant requests a hearing on its Motion prior to that date.**

The grounds for this motion are that CVS PHARMACY, INC. is not a party to the case between RUSH INDUSTRIES, INC. and GARNIER LLC, currently pending in the United States District Court for the Eastern District of New York, and as such, has no relevant information regarding that dispute; the subpoena is overbroad, oppressive and

unduly burdensome; the subpoena seeks improper discovery from a third-party; and the subpoena is untimely with respect to the New York litigation.

In support of its motion to quash or for a protective order, CVS relies upon the attached Memorandum of Law in Support, all exhibits annexed thereto, and the Affidavit of Christine Egan in Support, sworn to November 22, 2006.

Date: Providence, Rhode Island
November 27, 2006

Respectfully submitted,

CVS Pharmacy, Inc.
By Their Attorneys,

EDWARDS ANGELL PALMER
& DODGE LLP

By: [signature]
Paul E. Dwyer, Jr. (#3950)
2800 Financial Plaza
Providence, RI 02903
(401) 528-5851
(401) 276-6611 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

____________________________________X

In re: Subpoenas Issued to CVS Pharmacy, Inc.,

In the Matter of

RUSH INDUSTRIES, INC.,

Plaintiff,

-against-

GARNIER LLC, AND JOHN DOES 1-5,

Defendants.

____________________________________X

**MOVANT REQUESTS AN EMERGENCY HEARING ON ITS MOTION**

CIVIL ACTION No.: MISC 06 107 ML

**MEMORANDUM OF LAW IN SUPPORT OF CVS PHARMACY INC.'S MOTION TO QUASH THE SUBPOENA PURSUANT TO FED. R. CIV. 45(C) OR FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. 26(C).**

CVS PHARMACY, INC. (hereinafter, "CVS") makes this motion for relief from a non-party subpoena issued by the United States District Court for the District of Rhode Island by RUSH INDUSTRIES, INC. (hereinafter, "Rush"). CVS respectfully requests that this Court issue an Order pursuant to Rule 45(c) of the Federal Rules of Civil Procedure quashing the subpoena for a deposition and the inspection of documents because the discovery sought is overbroad and unduly burdensome, seeks trade secret information, is improper and untimely. In the alternative, CVS respectfully requests this Court issue a protective order, ordering that CVS is not required to produce the requested documents and the deposition shall not go forward.

## Background

Rush is the plaintiff in a Civil Action brought against GARNIER LLC and JOHN DOES 1-5 (hereinafter, collectively "Garnier"), filed in the United States District Court for the Eastern District of New York on October 20, 2005, captioned *Rush Industries, Inc. v. Garnier LLC, and John Does 1-5*, CV-05-4910 (hereinafter, the "New York litigation"). The New York litigation is a trademark infringement action brought by Rush, seeking, *inter alia*, a permanent injunction and monetary relief against Garnier for infringement of Rush's trademarks, "Long 'N Strong" and "Long 'N Strong Extra" for hair care products. Rush claims that since 2005, Garnier has sold hair care products under the name "Long & Strong." (See Complaint in the New York litigation, annexed hereto as Exhibit A.)

CVS is not now and has never been involved in the New York litigation, nor has Rush alerted CVS as to any claims it may wish to assert against CVS in connection with the New York litigation. (See Affidavit of Christine Egan, hereinafter, the "Egan Aff.," ¶¶ 3-4.)

On or about November 8, 2006, Rush served CVS with a non-party Subpoena issued out of the United States District Court for the District of Rhode Island. (See Subpoena, annexed hereto as Exhibit B; Egan Aff. ¶ 2.) The Subpoena requires CVS to submit to a deposition at the offices of Sammartino & Berg, LLP on November 29, 2006 at 10:00 a.m. Pursuant to the Notice of Deposition annexed to the Subpoena, Rush seeks deposition testimony from CVS on forty-seven (47) topics, many of which relate to the sale of hair care products by CVS in general, CVS's advertising and market of hair care products, and financial details of CVS's sale of certain products. The requests do not

relate to sales of Rush or Garnier products. The Subpoena also requires CVS to produce documents at the offices of Sammartino & Berg, LLP on November 22, 2006 at 10:00 a.m.[1] Pursuant to the Schedule annexed to the Subpoena, Rush seeks testimony and documents from CVS on forty-six (46) topics, many of which relate to sale of hair care products by CVS in general, CVS's advertising and market of hair care products, and financial details of CVS's sale of certain products; again, the requests do not relate to CVS's sales of Rush or Garnier products.

After receipt of the Subpoena, Christine Egan, General Counsel for CVS, contacted Daniel P. Burke, counsel for Rush, to discuss the scope of the Subpoena, as well as the dates for the production of documents and the deposition. Not only was Mr. Burke unwilling to limit the scope of the requests, but he also was unwilling to discuss adjourning the dates in to allow CVS to look into the matter further. (See Egan Aff., ¶¶ 8-10.) Additionally, before filing this motion, Megan J. Muoio, counsel for CVS, contacted Mr. Burke regarding the scope of the Subpoena and the dates for production of documents and the deposition. Mr. Burke indicated that he was unwilling to move the dates and continuously attempted to put off discussion of the scope of the Subpoena. After several attempts to resolve these issues and concluding that no progress with Mr. Burke would be made, CVS was forced to bring the instant motion to quash or for a protective order.

[1] On November 22, 2006, CVS sent counsel for Rush a letter, formally objecting to the Subpoena pursuant to Fed.R.Civ.P. 45(c) to relieve itself of the obligation of the document requests by that date. Plaintiff must now seek to compel production. Subsequently, CVS made this motion to quash the Subpoena in its entirety. (See Letters, dated November 22, 2006, annexed hereto as Exhibit C.)

**Standard for Motion to Quash and Protective Order**

Rule 45 of the Federal Rules of Civil Procedure provides that a "party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense subject to that subpoena." A party which breaches this duty may be subject to sanctions, which may include, but is not limited to, lost earnings and reasonable attorney's fees. Fed. R. Civ. P. 45(c)(1).

A person seeking relief from a subpoena may turn to the Court to "quash or modify the subpoena" if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(2)(B). In order to balance the competing needs of the party issuing the subpoena and the non-party, the court should examine the scope of the request, the factual circumstances relating to compliance with the subpoena, and the necessity of the discovery to the litigation. What constitutes an undue burden for a non-party may differ from an undue burden on a party to a civil action; as such special weight should be given to non-parties who are required to engage in extensive discovery pursuant to a subpoena:

> Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

In the alternative, the principles and protections of Rule 26(c) of the Federal Rules of Civil Procedure apply to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. Id. at 714. Any person from whom discovery is sought may move the Court to make "any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense, including…(1) that the disclosure or discovery not be had." Fed.R.Civ.P. 26(c).

Additionally, a party may seek a protective order to preclude the discovery of trade secret information, pursuant to Rule 27(c)(7) of the Federal Rules of Civil Procedure. When trade secrets are sought, the party seeking discovery bears the burden of proving that the information is sufficiently relevant and necessary to outweigh the harm disclosure would cause to the entity against whom the subpoena was issued. Greater Rockford Energy and Technology Crop. V. Shell Oil Co., 138 F.R.D. 530, 534 (C.D. Ill. 1991).

CVS respectfully requests that this Court quash the Subpoena served by Rush because (1) the Subpoena is overbroad, oppressive and unduly burdensome on CVS, (2) the Subpoena seeks trade secret information from CVS, (3) the Subpoena is an improper attempt to obtain discovery from CVS in preparation for the filing of an action, and (4) the Subpoena is untimely. In the alternative, CVS respectfully requests that this Court issue a protective order, ordering that CVS is not required to produce the requested documents and the deposition shall not go forward.

## I. The Subpoena is Overbroad, Oppressive and Unduly Burdensome Under the Standards of Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure

CVS is entitled to an Order quashing the Subpoena because, when the facts are weighed, the subpoena is overbroad and unduly burdensome on CVS. Rush cannot demonstrate that the relevance and necessity of the disclosure would outweigh the undue burden on CVS.

The Subpoena consists of a request for the deposition of CVS and a request to produce documents. The accompanying deposition notice contains forty-seven question

topics, most of which are extremely broad and irrelevant to the New York litigation. Because CVS is not a party to the New York litigation, it would be unduly burdensome to require CVS to produce the required witnesses in order to testify to all of the topics listed on the deposition notice. In order to fully comply with the Subpoena, CVS would be required to produce employees in its advertising, marketing, product development, finance, sales and distribution divisions; such extensive testimony on the broad topics outlined in the Subpoena would undoubtedly take several days. CVS, as a non-party, would be severely burdened in terms of time and expense by such a free-ranging inquisition that has no discernible purpose relevant to Rush's claims against Garnier in the New York litigation. (See Egan Aff., ¶ 6.)

The document requests contained within the Subpoena are overbroad and unduly burdensome as well. The subpoena contains forty-six individual requests, each of which could garner several hundred pages of documents. For example, the Subpoena requests all documents "relating to the identity of all purchasers" of certain CVS products; all documents showing unit sales, net profits, and gross profits for those products; all documents related to "the advertising AND promotion expenditures in relation to ANY AND ALL hair care products introduced in to the U.S. hair care market from January 1, 2000 to the present"; and a "representative sample of every product, label wrapper, package, hang tag, sticker OR box" that has been used in connection with certain CVS products. In order to respond to these forty-six requests, CVS would be required to call on employees in all areas of its corporate body, and spend countless man-hours searching and reproducing documents that have no rational bearing on the New York litigation. Only the final request, which seeks "ALL DOCUMENTS RELATING TO this lawsuit

(CV 05-4910), pending in the Eastern District of New York," is remotely relevant to the New York litigation, yet CVS has no such documents.

When the burden imposed upon CVS by the Subpoena is weighed against the relevant necessity of the discovery to Rush in the New York litigation, the scale tips in CVS's favor. The burden on CVS is so substantial and the necessity for the discovery so remotely connected to Rush's claims against Garnier that an Order quashing the Subpoena is required.

CVS alerted counsel for Rush as to the undue burden imposed upon CVS by the Subpoena, but Mr. Burke refused to reduce the scope of the inquiry, in breach of the obligations under Rule 45(c)(1) of the Federal Rules of Civil Procedure. Additionally, Rush and its counsel were intractable regarding the dates for CVS's compliance with the Subpoena, refusing to grant event one adjournment out of courtesy and in contemplation of the extensive amount of material that would need to be gathered by CVS in order to comply. As such, CVS requests that this Court subject Rush to sanctions, including CVS's costs, disbursements and reasonable attorney's fees expended in the defense of this matter.

## II. The Subpoena Seeks Trade Secrets from CVS

A trade secret is information which derives independent economic value from not being generally known or readily ascertainable by proper means and which is subject to reasonable efforts to maintain its secrecy. R.I.G.L. § 6-41-1. Data relating to the number of sales, the dollar amount of sales, product testing and the like are so clearly trade secrets that a court can take the judicial notice of that fact. Truswal Systems Corp. v. Hydro-Air Engineering, Inc., 813 F.2d 1207, 1213 (Fed.Cir.Ct.App. 1986) (Rich, J.

dissenting)[2]. Additionally, the party seeking discovery of trade secret information from a non-party bears an extra burden to prove the necessity of the disclosure. Cusumano, 162 F.3d at 717.

Here, CVS was served with many of requests that seek the discovery of trade secret information. For example, the notice of deposition seeks to question CVS regarding the identity of purchasers of products, sales figures and profits by month, and information regarding licenses and agreements between CVS corporate partners. The document requests seek documents regarding CVS's development of products, CVS advertising placement, and marketing strategy and decisions. These inquiries seek information regarding information that is considered trade secret information and that deserves protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

Rush cannot carry its heavy burden in order to prove that the relevance of the discovery sought sufficiently outweighs CVS's interest in its confidential trade secret information. Because CVS's substantial interest in protection of its trade secrets as a non-party to the New York litigation outweighs Rush's interest, CVS respectfully requests that this Court quash the Subpoena or, in the alternative, issue a protective order.

## III. The Discovery Sought is Improper

CVS is entitled to an Order quashing the Subpoena because the Subpoena is improper in that it seeks the discovery of information not relevant to the New York litigation, but apparently in preparation for the filing of an action against CVS.

---

[2] The following itemized topics and documents sought under the subpoena are protected trade secrets: 2, 4, 6-8, 10, 12-16, 19, 22-25, 28-34, 38, 42-45.

The Subpoena served by Rush on CVS is improper in that it does not seek the discovery of documents and testimony relevant to Rush's dispute with Garnier, Rush's allegations against Garnier, or Garnier's defenses in the New York litigation. CVS, as a national retail pharmacy, has no information regarding Rush's goods, which are not sold through CVS pharmacies, and has no information regarding the development, profitability or intellectual property rights of Garnier's products. Instead, Rush is apparently using this Subpoena to gather evidence regarding CVS products that Rush believes may infringe on Rush's trademarks. Because CVS is not a party to this action or any action brought by Rush and has not been afforded the opportunity to defend any claims asserted against it by Rush in this regard, this Court should deny Rush the opportunity to gather information in this highly prejudicial manner.

At this late date in the New York litigation,[3] Rush cannot add CVS to its suit against Garnier in this back-door fashion. Additionally, if Rush wishes to start an action against CVS alleging an infringement of Rush's trademark by CVS, then Rush must afford CVS the opportunity to be served with service of process, receive the allegations against it and defend itself on the merits. To use the New York litigation as a fishing expedition for a subsequent case is improper and highly prejudicial to CVS.[4]

**IV. <u>The Discovery Sought is Untimely</u>**

Finally, CVS is entitled to an Order quashing the Subpoena because Rush is not permitted to seek further factual discovery in the New York litigation after the fact

---

[3] See Section III below, in which it is further detailed that fact discovery in the New York litigation was to be completed by September 12, 2006, while only expert discovery remains to be completed before November 30, 2006.

[4] If Rush requires discovery from CVS in advance of filing a civil action against CVS, then Rush should avail itself of the procedure outlined by Rule 27 of the Federal Rules of Civil Procedure and should not attempt to subvert the New York litigation for its own ends.

discovery end date of September 12, 2006. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, discovery schedules "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Litigants have an "unflagging duty to comply with clearly communicated case-management orders." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315, 40 Fed.R.Serv.3d 1 (1st Cir. 1998). Here, however, Rush served CVS with the Subpoena associated with the New York litigation on or about November 8, 2006, which is substantially beyond the fact discovery deadline of September 12, 2006 in that matter set by Magistrate Judge E. Thomson Boyle of the United States Court for the Eastern District of New York. (See Letter from Robert Sherman, dated November 17, 2006, annexed hereto as Exhibit D.)

## Conclusion

In conclusion, CVS Pharmacy, Inc. respectfully requests this Court issue an Order, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, quashing the third-party subpoena served upon CVS by Rush Industries, Inc. in connection with *Rush Industries, Inc. v. Garnier LLC & John Does 1-5*, CV-05-4910, currently pending in the United States District Court for the Eastern District of New York, awarding CVS its costs, disbursements and reasonable attorney's fees incurred in bringing this action, and any such other and further relief that this Court deems proper. In the alternative, CVS requests that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, ordering that CVS is not required to produce the requested documents and the deposition shall not go forward.

Dated: November 27, 2006
Providence, Rhode Island

Respectfully submitted,

CVS Pharmacy, Inc.
By Their Attorneys,

EDWARDS, ANGELL PALMER
& DODGE LLP

By: [signature]

Paul E. Dwyer, Jr. (#3956)
2800 Financial Plaza
Providence, RI 02903
(401) 528-5851
(401) 276-6611 (fax)

## CERTIFICATE OF MAIL

I hereby certify that I have this 27th day of November, 2006 sent via facsimile a copy of the foregoing to the following counsel of record:

Daniel P. Burke, Esquire
Georgia Damoulakis, Esquire
Daniel P. Burke & Associates, PLLC
300 Rabro Drive – Suite 131
Hauppauge, New York 11788

Robert Sherman, Esquire
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022

[signature]
Paul E. Dwyer, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X

In re: Subpoenas Issued to CVS Pharmacy, Inc.,

In the Matter of

RUSH INDUSTRIES, INC.,

Plaintiff,

-against-

GARNIER LLC, AND JOHN DOES 1-5,

Defendants.

---------------------------------------------------------X

CIVIL ACTION No.:

**AFFIDAVIT OF CHRISTINE EGAN IN SUPPORT OF CVS'S MOTION TO QUASH OR FOR A PROTECTIVE ORDER**

STATE OF RHODE ISLAND )
)ss.:
COUNTY OF PROVIDENCE)

CHRISTINE EGAN, being duly sworn, deposes and says:

1. I am an Assistant General Counsel for CVS Pharmacy, Inc. ("CVS"), the movant in the instant action. I am fully familiar with the facts set forth herein except where stated upon information and belief, and as to those matters I believe them to be true. The bases of my information and belief are my review of the file maintained by my office and review of relevant documents.

2. On or about November 8, 2006, RUSH INDUSTRIES, INC. (hereinafter, "Rush") served CVS with a Subpoena to provide deposition testimony and produce documents for a Civil Action currently pending in the United States District Court for the Eastern District of New York, captioned *Rush Industries, Inc. v. Garnier LLC & John Does 1-5*, CV-05-4910 (hereinafter, the "New York litigation"). (See Complaint in the

New York litigation and Subpoena, copies of which are annexed to the accompanying Memorandum of Law as Exhibits A and B, respectively.)

3. Before November 8, 2006, CVS had no notice of the New York litigation or the nature of the dispute between Rush and GARNIER LLC (hereinafter, "Garnier"). CVS was not alerted to the New York litigation by either of the parties before the filing of the complaint in the New York litigation, during the year of proceedings in the United States District Court for the Eastern District of New York, or in anticipation of the service of the Subpoena.

4. CVS also has had no notice from Rush as to any claims involving CVS with respect to its alleged federal trademark for "Long 'N Strong," nor has CVS received a cease and desist letter from Rush regarding any products sold by CVS.

5. The Subpoena requires CVS to submit to a deposition regarding an unmanageable forty-seven (47) topics. The topics for the deposition are of an extremely broad nature, such as topic number 6, which concerns "CVS' knowledge of the hair care product market," and topic number 25, which concerns "[a]dvertising AND promotion expenditures incurred in relation to ANY AND ALL hair care products first introduced in the U.S. hair care market from January 1, 2000 to the present" [*emphasis in original*]. The Subpoena also requires CVS to produce documents pursuant to forty-six (46) overbroad document requests.

6. For CVS to prepare and produce employees to testify on such a wide variety of topics and to gather such extensive documentation would require a Herculean effort, which would dramatically and unduly burden CVS as a corporation and severely inconvenience many of its employees without any justification.

7. Additionally, most of the topics for the deposition testimony and document requests concern CVS's knowledge and use of Rush's "Long 'N Strong" trademark vis-à-vis CVS's own products, such that the Subpoena resembles a standard set of discovery requests that a party would serve upon a defendant in a federal trademark infringement action. However, Rush has not brought suit against CVS and CVS is not a party to the New York litigation; therefore, CVS should not be required to produce documents regarding all manner of its operation.

8. After receipt of the Subpoena, I contacted counsel for Rush, Daniel P. Burke, regarding the scope of the Subpoena requests, which are wide-ranging and extensive. I also requested an adjournment of the Subpoena dates to allow CVS more time to obtain information regarding the requests.

9. However, Mr. Burke refused to discuss the unwieldy scope of the requests and additionally declined to extend CVS the courtesy of an adjournment of the Subpoena dates.

10. Because CVS has been unable to resolve this issue with Rush in an amicable fashion, CVS requests this Court issue an Order quashing the Subpoena served on CVS because it is improper, overbroad and unduly burdensome, and awarding CVS reasonable costs, disbursements, and attorneys fees incurred in bringing this action, together with such other and further relief as this Court deems just and proper. In the alternative, CVS requests this Court issue a protective order, declaring that the production of documents and the deposition not be required of CVS.

Christine Egan

Sworn to before me this
22nd day of November, 2006

Notary Public

KATHLEEN L. BURT
NOTARY PUBLIC
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
MY COMMISSION EXPIRES 1/22/2010