CV-05 4910

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 20 2005 ★
LONG ISLAND OFFICE

| | | |
|---|---|---|
| RUSH INDUSTRIES, INC. | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | COMPLAINT |
| GARNIER LLC & JOHN DOES 1-5 | ) | |
| | ) | |
| Defendants. | ) | |

(S.J)

WEXLER, J.
J. ORENSTEIN, M.J.

Plaintiff, RUSH INDUSTRIES, INC. (hereinafter referred to as RUSH), by its attorneys, Galgano & Burke, LLP, complaining of defendants, GARNIER LLC (hereinafter referred to as GARNIER), and John Does 1-5 alleges as follows:

## NATURE OF THE ACTION

1. In this action, RUSH seeks injunctive relief for acts of trademark infringement, false designation of origin, misappropriation, and unfair competition committed by GARNIER in violation of the laws of the United States and the State of New York. This action arises under the Trademark and Unfair Competition Laws of the United States, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), under §133 of the New York General Business Law, as well as the common law of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §§ 1121 (federal question jurisdiction); under Sections 1331, 1338(a) and (b) of the Judicial Code, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 of the Judicial Code.

## THE PARTIES AND RELATED ENTITIES

4. Plaintiff, RUSH INDUSTRIES, INC., is a corporation organized and existing under and by virtue of the laws of the state of New York, with a principal place of business located at 263 Horton Highway, Mineola, NY 11501, within the jurisdiction of this Court.

5. Upon information and belief, defendant, GARNIER LLC, is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 575 Fifth Avenue, New York, New York 10017.

6. Upon information and belief, John Does 1-5 have authority and control over the products distributed by GARNIER.

7. Upon information and belief, LABORATOIRE GARNIER & CIE is a French société en nom collectif organized under the laws of France, having a place of business located at 281, Rue Saint-Honore, Paris, France 75008, composed of Patrick Rabain, a citizen of France; Pinhas Franklin Berrebi, a citizen of France; L'Oréal, a société anonyme

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 3 of 31

organized under the laws of France; and Holdial, a société en nom collectif organized under the laws of France.

**BACKGROUND**

8. RUSH has been in business for over 20 years.

9. RUSH has achieved a reputation for selling high quality hair care products.

10. RUSH sells hair care products, e.g., shampoo and hair treatment, under the trademarks LONG 'n STRONG and LONG 'n STRONG EXTRA (a true and correct copy of a digital photograph of said products is attached hereto as Exhibit A).

11. RUSH has sold hair care products throughout the U.S. continuously since at least 1986.

12. RUSH has used its trademark LONG 'n STRONG in connection with hair care products since at least 1986 and its trademark LONG 'n STRONG EXTRA in connection with hair care products since at least 1997. (The trademarks LONG 'n STRONG and LONG 'n STRONG EXTRA are collectively referred to herein as the LONG 'n STRONG trademarks.)

13. RUSH has sold millions of dollars worth of hair care products in connection with its LONG 'n STRONG trademarks.

14. RUSH has advertised its LONG 'n STRONG hair care products extensively in popular, broadly circulated, national magazines.

15. RUSH has also advertised its LONG 'n STRONG hair care products through catalogs and direct mailings.

16. RUSH also markets and sells its LONG 'n STRONG hair care products through its website *www.rushindustries.com* which accepts orders directly from consumers.

17. RUSH's hair care products sold under the LONG 'n STRONG trademarks are currently available and sold to consumers throughout this district, this state, and the United States.

18. RUSH is the owner of U.S. Trademark Applications Serial Nos. 76/637,019 and 76/637,018 for the marks LONG 'n STRONG and LONG 'n STRONG EXTRA, respectively.

19. RUSH's LONG 'n STRONG trademarks are distinctive.

20. As a result of RUSH's extensive efforts in marketing, advertising and maintaining the high quality of its hair care products, RUSH has acquired a reputation for high quality hair care products sold under RUSH's LONG 'n STRONG trademarks. As a result, the LONG 'n STRONG trademarks are assets of substantial value and goodwill of RUSH.

21. Consumers recognize RUSH's LONG 'n STRONG trademarks as identifying hair care products manufactured exclusively by RUSH.

22. Upon information and belief, GARNIER is a large seller of hair care products throughout at least parts of Europe and the United States.

23. Upon information and belief, GARNIER began marketing and distributing hair care products in 2005 under the trademark LONG & STRONG in this district, this state, and the United States.

24. GARNIER's use of the LONG & STRONG trademark has been without permission from RUSH.

25. GARNIER has embarked on an aggressive advertising campaign, e.g., taking out multi-page advertisements in national magazines, advertising hair care products, including shampoo and hair treatment under the trademark LONG & STRONG.

26. GARNIER has undercut RUSH by selling its hair care products at a significantly lower price.

27. Attached hereto as Exhibit B is a true and correct copy of a multi-page advertisement of GARNIER's product from COSMOPOLITAN magazine.

28. Upon information and belief, attached hereto as Exhibit C are true and correct copies of recent printouts from GARNIER's website, www.garnierfructis.com, depicting GARNIER's LONG & STRONG hair care products.

29. Upon information and belief, LABORATOIRE GARNIER & CIE, is related to GARNIER and has filed a U.S. federal trademark application for the trademark LONG & STRONG (attached hereto as Exhibit D).

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 6 of 31

30. Even after learning of RUSH's trademark rights, GARNIER has continued to display, sell and offer for sale, distribute, advertise and promote hair care products utilizing the trademark LONG & STRONG.

31. GARNIER's use of the LONG & STRONG TRADEMARK has already caused confusion among persons familiar with RUSH's products and business.

32. GARNIER's use of the LONG & STRONG trademark is likely to cause further confusion among members of the relevant consuming public and/or to deceive those members into believing that GARNIER is somehow associated with or related to RUSH's hair care products and/or that GARNIER is somehow associated with or sponsored by RUSH.

33. Upon information and belief, RUSH has lost and will continue to lose substantial revenues from the sale of RUSH's LONG 'n STRONG hair care products and will sustain further damages as a result of GARNIER's wrongful conduct and GARNIER's promotion and sale of products sold under the LONG & STRONG trademark.

34. Upon information and belief, GARNIER's wrongful conduct has also deprived and will continue to deprive RUSH of opportunities for expanding its goodwill.

35. Upon information and belief, unless enjoined by this court, GARNIER will continue its course of conduct and wrongfully use, infringe upon, sell and otherwise profit from the sale of products utilizing a trademark which infringe RUSH's rights.

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 7 of 31

36. As a direct and proximate result of GARNIER's acts alleged above, RUSH has already suffered irreparable damage and has sustained lost profits.

37. RUSH has no adequate remedy at law.

38. RUSH has been damaged in its business by GARNIER's use of LONG & STRONG and will be further damaged from GARNIER's continued use.

## COUNT I - TRADEMARK INFRINGEMENT

39. RUSH realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as if set forth fully herein.

40. GARNIER has knowingly and willfully infringed RUSH's LONG 'n STRONG trademark, by the unauthorized advertising, promotion and/or sale of hair care products in the U.S. using the trademark LONG & STRONG.

41. The acts of GARNIER have caused and are likely to cause confusion or misunderstanding by consumers with respect to GARNIER's affiliation, connection, association with RUSH and RUSH's hair care products.

42. GARNIER's activities violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and are likely to cause consumer confusion as to true the origin, sponsorship or approval of GARNIER's hair care products by RUSH.

43. The illegal efforts of GARNIER are usurping the reputation and goodwill associated with RUSH's LONG 'n STRONG trademarks.

44. GARNIER's use of the mark LONG & STRONG, in connection with the advertising, promotion and/or sale of hair care products in the U.S. that are the same as, closely related to or competitive with those offered by RUSH, constitutes unfair competition.

45. As a result, RUSH has and will continue to suffer irreparable injury to RUSH unless enjoined by this court.

46. RUSH has no adequate remedy at law.

**<u>COUNT II - COMMON LAW TRADEMARK INFRINGEMENT</u>**

47. RUSH realleges and incorporates by reference the allegations contained in paragraphs 1 through 46 of this Complaint as if set forth fully herein.

48. GARNIER's acts, as set forth above, constitute common law trademark infringement under the common law of the State of New York.

49. By reason of GARNIER's activities complained of herein, RUSH has been and is being damaged by such acts, and damage will continue unless GARNIER's acts are enjoined by this Court.

50. RUSH has no adequate remedy at law.

## COUNT III - NEW YORK GENERAL BUSINESS LAW § 133

51. RUSH realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52. Said conduct by GARNIER as aforesaid constitutes the assumption, adoption or use, with intent to deceive or mislead the public, for advertising purposes or purposes of trade, of a designation or style, or a symbol or simulation thereof which may deceive or mislead the public as to the identity of GARNIER or its goods or as to the connection of GARNIER with RUSH, in violation of Section 133 of the New York General Business Law.

## COUNT IV - INJURY TO BUSINESS REPUTATION

53. RUSH realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 of this Complaint as if set forth fully herein.

54. GARNIER's intentional and malicious misrepresentations to consumers have caused and will continue to cause RUSH substantial harm and irreparable injury, and will dilute the value of RUSH's LONG 'n STRONG trademarks.

55. As a result, RUSH has and will continue to suffer damages to the value of its business reputation and its LONG 'n STRONG trademarks unless remedied by this Court.

## COUNT V - COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION

56. RUSH realleges and incorporates by reference the allegations contained in paragraphs 1 through 55 of this Complaint as if set forth fully herein.

57. The acts of GARNIER also constitute unfair competition and misappropriation of RUSH's common law trademark rights under the laws of the State of New York, which will cause irreparable injury to Rush unless enjoined by this Court. Because of the care, skill and marketing efforts used by RUSH, its hair care products have acquired a reputation for quality and reliability and consumers have come to identify the LONG 'n STRONG trademarks as identifying hair care products exclusively from RUSH. As a result, this mark represents a valuable asset to RUSH.

58. GARNIER has acted knowingly and with reckless disregard of RUSH's valuable rights.

59. GARNIER's infringement has resulted in, is designed to and will likely cause confusion and deceive purchasers of hair care products into believing that they are purchasing a RUSH hair care product. GARNIER's launch of its LONG & STRONG hair care products throughout the U.S., when those products are not sponsored by RUSH and their quality is not assured by RUSH, has caused and is causing damage to the valuable assets, reputation and goodwill of RUSH.

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 11 of 31

## RELIEF SOUGHT

WHEREFORE, Plaintiff, RUSH prays for an Order and Judgment as follows:

1. That Defendants, GARNIER, its officers, agents, employees, successors, affiliates, subsidiaries, assigns, JOHN DOES 1-5 and all others acting in concert or participation with them, be preliminarily and permanently enjoined and restrained from continued infringement of RUSH's valuable and exclusive trademark rights for the LONG 'n STRONG trademarks and any confusingly similar variations thereof;

2. That GARNIER and JOHN DOES 1-5 immediately cease advertising using the LONG & STRONG mark or any confusingly similar variation thereof;

3. That GARNIER and JOHN DOES 1-5 be required to recall and destroy all materials including packaging, literature, brochures and advertising using the mark LONG & STRONG and/or any confusingly similar variation thereof to eliminate any likelihood of confusion;

4. That GARNIER and JOHN DOES 1-5 be required to account to RUSH for all profits made from the sale of goods using the LONG & STRONG trademark and/or any confusingly similar variations thereof in the United States;

5. That RUSH be awarded actual damages to its business, as may hereinafter be established, including such monetary relief sufficient to fund corrective advertising commensurate with GARNIER's infringing advertising campaign, increased actual damages, punitive damages and reasonable attorney fees , prejudgment interest and costs as a result of

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 12 of 31

GARNIER's and JOHN DOES 1-5 reckless and deliberate adoption and continued use of LONG & STRONG and/or any confusingly similar variations thereof in violation of RUSH's rights;

6. That RUSH recover damages from GARNIER and JOHN DOES 1-5 resulting from GARNIER's palming off, false advertising, false designation of origin, unfair competition, and injury to business and that damages be trebled in view of the exceptional nature of this case and in view of their willful and wanton conduct, and that GARNIER and JOHN DOES 1-5 account to RUSH by reason of its egregious conduct; and

7. That this Court award such additional relief as it may deem necessary and just under the circumstances.

**JURY DEMAND**

Plaintiff, RUSH, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Date: 10/20/05

Respectfully submitted,

[signature]

Daniel P. Burke - DB1416
Thomas M. Galgano - TG4621
Georgia Damoulakis - GD7237
GALGANO & BURKE, LLP
Attorneys for Plaintiff

300 Rabro Drive, Suite 135
Hauppauge, New York 11788
(516) 582-6161

# EXHIBIT A

# EXHIBIT B


NEW
GARNIER
FRUCTIS
LONG & STRONG
The first anti-breakage system for longer hair with active fruit concentrate from Garnier.
• Makes hair 5x stronger, with 80% less breakage.*
• Restores shine and protects against dullness.
• Reinforces hair from root to tip. Hair becomes stronger, so it grows longer.
Nourishes
Penetrates
Smoothes
*When using the Garnier Fructis Long & Strong system of Shampoo, Conditioner and Anti-Split Ends Leave-in Treatment, in a brushing test compared to an ordinary shampoo.
©2005 Garnier LLC
For hair that shines with all its strength.
>www.garnierfructis.com
GARNIER



# EXHIBIT C

home | products | style videos | hair quiz | get lucky |

# Products

It's a hair revolution with our complete line of Garnier Fructis shampoos, conditioners, and Garnier Fructis Style products!

SHAMPOOS & CONDITIONERS

STYLING PRODUCTS



SEE ALL SHAMPOOS & CONDITIONERS >

GET LONGER, STRONGER HAIR WITH

NEW

LONG & STRONG

SEE PRODUCTS >



WANT HELP FINDING WHAT'S RIGHT FOR YOU?

GARNIER >

SHOP ONLINE | CONTACT US | LEG


home | products | style videos | hair quiz | get lucky
SHAMPOOS & CONDITIONERS
Long & Strong Fortifying Shampoo
For longer, stronger hair! Created with active fruit concentrate — an innovative combination of fruit acids, vitamins B3 and B6, fructose and glucose — this shampoo helps reinforce the hair from root to tip, protecting it from breakage and split ends, smoothing the hair's surface to help keep it long, and up to 5x stronger and smoother for brilliant shine*!
* How do we know this?
1. Nourishes hair from root to tip
2. Works inside the strand to strengthen it
SHAMPOOS & CONDITIONERS
STYLING PRODUCTS
FOR BEST RESULTS, USE WITH RELATED PRODUCTS
GARNIER
SHOP ONLINE | CONTACT US | LEG


home | products | style videos | hair quiz | get lucky |

AUDIO ON OFF

SHAMPOOS & CONDITIONERS

STYLING PRODUCTS

SHAMPOOS & CONDITIONERS

## Long & Strong Fortifying Conditioner

For longer, stronger hair! Created with active fruit concentrate — an innovative combination of fruit acids, vitamins B3 and B6, fructose and glucose — this conditioner helps reinforce the hair from root to tip, protecting it from breakage and split ends, smoothing the hair's surface to help keep it long, and up to 5x stronger and smoother for brilliant shine*!

* How do we know this?

1. Nourishes hair from root to tip

2. Works inside the strand to strengthen it

FOR BEST RESULTS, USE WITH RELATED PRODUCTS

GARNIER ›

SHOP ONLINE | CONTACT US | LEG

home | products | style videos | hair quiz | get lucky |



SHAMPOOS & CONDITIONERS

## Long & Strong Anti-Split Ends Treatment

For longer, stronger hair! This leave-in treatment contains nutritive fruit micro-oils to repair split ends and nourish damaged hair that is prone to breakage. The weightless formula helps keep hair long, and up to 5x stronger and smoother for brilliant shine*!

* How do we know this?

1. Nourishes hair from root to tip
2. Works inside the strand to strengthen it
3. Smoothes the hair to the tip

SHAMPOOS & CONDITIONERS

STYLING PRODUCTS

FOR BEST RESULTS, USE WITH RELATED PRODUCTS





GARNIER >

SHOP ONLINE | CONTACT US | LEG

# EXHIBIT D

03-18-2004

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #67

DRAWING

Applicant: Laboratoire Garnier & Cie

Address: 281, Rue Saint Honore
75008 Paris, France

Goods/Services: Perfume, toilet water; gels, cosmetic salts for the bath and shower; toilet soaps, body deodorants; cosmetics namely creams, milks, lotions, gels and powders for the face, the body and the hands; cosmetic sun care preparations; make-up preparations; shampoos; gels, sprays, mousses and balms for the hair styling and hair care; hair lacquers; hair colouring and hair decolorant preparations; permanent waving and curling preparations; essential oils for personal use

Basis: Foreign Registration, § 44(e)

LONG & STRONG

U.S. Patent & TM Ofc/TM

76581570

TRADEMARK APPLICATION SERIAL NO. 76581570

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

03/22/2004 SWILSON1 00000138 76581570
01 FC:6001 335.00 OP

PTO-1555
(5/87)

~TRADEMARK/SERVICE MARK APPLICATION (15 U.S.C. §§ 1051,1126(d)&(e))~

~To the Commissioner for Trademarks~

<APPLICANT INFORMATION>

<Name> Laboratoire Garnier & Cie
<Street> 281, Rue Saint-Honore
<City> Paris
<Country> France
<Zip/Postal Code> 75008

APPLICANT ENTITY INFORMATION>~

<Other Entity Type: Specific Nature of Entity> Societe en nom collectif
<State/Country Under Which Organized> France

<TRADEMARK/SERVICE MARK INFORMATION>

<Mark> LONG & STRONG
<Typed Form> Yes

<BASIS FOR FILING AND GOODS/SERVICES INFORMATION>

<Foreign Registration: §44(e)>Applicant has a bona fide intention to use the mark in commerce on or in connection with the below-identified goods and/or services, and submits or will submit a certification or certified copy of the foreign registration before the application may proceed to registration, in accordance with 15 U. S.C. 1126(e), as amended.

<Country of Foreign Registration> France

<Foreign Registration Number> 03/3.233.636

<Foreign Registration Date> 06/27/2003

<International Class Number(s)> 003

<Listing of Goods and Services> Perfume, toilet water; gels, cosmetic salts for the bath and shower; toilet soaps, body deodorants; cosmetics namely creams, milks, lotions, gels and powders for the face, the body and the hands; cosmetic sun care preparations; make-up preparations; shampoos; gels, sprays, mousses and balms for the hair styling and hair care; hair lacquers; hair colouring and hair decolorant preparations; permanent waving and curling preparations; essential oils for personal use

<FEE INFORMATION>

| |
|---|
| $335.00 x <Number of Classes> 1 = <Total Filing Fee Paid> $335 |

<SIGNATURE INFORMATION>

*~Applicant requests registration of the above-identified mark in the United States Patent and Trademark Office on the Principal Register established by Act of July 5, 1946 (15 U.S.C. § 1051 et seq.) for the above-identified goods and/or services.*

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. § 1051 (b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.~

~Signature~
<Date> March 16, 2004
<Name> José Monteiro
<Title> Chief Trademark Counsel

<ATTORNEY INFORMATION>

<Name> Robert L. Sherman
<Company/Firm Name> Paul, Hastings, Janofsky & Walker LLP
<Street> 75 East 55th Street
<City> New York
<State> NY
<Country> USA
<Zip/Postal Code> 10022
<Telephone Number> 212-318-6037
<Fax Number> 212-318-6847
<e-Mail Address> rls@paulhastings.com
<Authorize e-mail Communication> Yes
<Other Appointed Attorney(s)> Catherine M. Clayton and Jennifer Shmulewitz

**<DOMESTIC REPRESENTATIVE FOR FOREIGN APPLICANT>**

| | |
|---|---|
| <Company/Firm Name> | Paul, Hastings, Janofsky & Walker LLP |
| <Contact> | Robert L. Sherman |
| <Street> | 75 East 55th Street |
| <City> | New York |
| <State> | NY |
| <Country> | USA |
| <Zip/Postal Code> | 10022 |
| <Telephone Number> | 212-318-6037 |
| <Fax Number> | 212-318-6847 |
| <e-Mail Address> | rls@paulhastings.com |
| <Authorize e-mail Communication> | Yes |

Case 2:05-cv-04910-LDW-ETB Document 1-1 Filed 10/20/2005 Page 29 of 31

## Designation of Domestic Representative

The firm of Paul, Hastings, Janofsky & Walker LLP, and the members and associates of that firm and, specifically, Robert L. Sherman, having their offices at 75 East 55th Street, New York, New York 10022, are hereby designated, jointly and severally, as applicant's representatives upon whom notices of process affecting the mark may be served.

LABORATOIRE GARNIER & CIE

Dated: March 16, 2004

By: ______________________

José Monteiro
Chief Trademark Counsel

**Power Of Attorney**

Applicant Laboratoire Garnier & Cie hereby appoints the firm Paul, Hastings, Janofsky & Walker LLP, the members and associates of that firm and, specifically, Robert L. Sherman, Catherine M. Clayton and Jennifer Shmulewitz, members of the Bar of the State of New York, to transact all business in the Patent and Trademark Office in connection with this the trademark application and to receive all communications and notices relative thereto. Please address all correspondence to Robert L. Sherman at Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, New York 10022.

LABORATOIRE GARNIER & CIE

Dated: March 16, 2004

By: ______________________
José Monteiro
Chief Trademark Counsel

**CERTIFICATE OF MAILING**
I hereby certify that this correspondence is being deposited with United Parcel Service ("UPS") with sufficient postage as overnight mail in an envelope addressed to:

Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3514

on 3/17/04
Date

Jaclyn Brody

NY53/252652.1