ALLYN & FORTUNA LLP
ATTORNEYS AT LAW
200 MADISON AVENUE, 5TH FLOOR
NEW YORK, NEW YORK 10016-3903
(212) 213-8844
FACSIMILE (212) 213-3318
WWW.ALLYNFORTUNA.COM

November 22, 2006

**VIA FACSIMILE**

Daniel P. Burke
Daniel P. Burke & Associates, PLLC
300 Rabro Drive, Suite 131
Hauppauge, New York 11788

Sammartino & Berg, LLP
128 Dorrance Street, Suite 400
Providence, Rhode Island 02901

Re: *Rush Industries, Inc. v. Garnier LLC & John Does 1-5*
U.S. District Court, Eastern District of New York
CV-05-4910

Dear Counselors,

This firm represents CVS Pharmacy, Inc. (hereinafter, "CVS"). On or about November 8, 2006, your client Rush Industries, Inc. (hereinafter, "Rush") served a subpoena on CVS, requesting the production of documents and a deposition in connection with the above-captioned matter. Although you have already been in contact with the General Counsel's office at CVS and Christine Egan has communicated CVS's objection to the subpoena, this letter serves as a formal objection to the subpoena pursuant to Rule 45(c)(2)(B), for the reasons detailed below.

First, CVS is in no way involved in the dispute between Rush and Garnier LLC that is currently pending in the United States District Court for the Eastern District of New York. CVS has no knowledge as to Rush's products or alleged trademarks, nor does CVS have knowledge as to Garnier LLC's alleged use or misappropriation of those trademarks. The documents requested and the topics outlined for the deposition concern CVS's knowledge and use of Rush's "Long 'N Strong" trademark vis-à-vis CVS's own products, such that the Subpoena resembles a standard set of discovery requests that a party would serve upon a defendant in a federal trademark infringement action. However, Rush has not brought suit against CVS and CVS is not a party to the New York litigation; therefore, the subpoena is improper and is rejected by CVS.

Second, the document requests and topics outlined for the deposition are overbroad and unduly burdensome. The subpoena contains forty-six (46) document

requests and forty-seven (47) topics for deposition testimony, all of which are broad and request a tremendous amount of information from CVS about its own products and its national retail operation. For example, the Subpoena requests all documents "relating to the identity of all purchasers" of certain CVS products; all documents showing unit sales, net profits, and gross profits for those products; all documents related to "the advertising AND promotion expenditures in relation to ANY AND ALL hair care products introduced in to the U.S. hair care market from January 1, 2000 to the present"; and a "representative sample of every product, label wrapper, package, hang tag, sticker OR box" that has been used in connection with certain CVS products, to name but a few of the forty-six requests. Many of the individual requests could potentially garner hundreds of pages of documents, seriously burdening CVS in terms of time, resources, and employee manpower. The topics for the deposition are similarly broad and burdensome. In order to fully comply with the Subpoena, CVS would be required to produce employees in its advertising, marketing, product development, finance, sales and distribution divisions; such extensive testimony on the broad topics outlined in the Subpoena would undoubtedly take several days. CVS, as a non-party, would be severely burdened in terms of time and expense by such a free-ranging inquisition that has no discernible purpose relevant to Rush's claims against Garnier in the New York litigation.

In conclusion, CVS rejects the third-party subpoena served by Rush and will move to quash it in a timely fashion.

Sincerely,

Megan J. Muoio
(MM-6121)

ALLYN & FORTUNA LLP
ATTORNEYS AT LAW
200 MADISON AVENUE, 5TH FLOOR
NEW YORK, NEW YORK 10016-3903
(212) 213-8844
FACSIMILE (212) 213-3318
WWW.ALLYNFORTUNA.COM

November 22, 2006

**VIA FACSIMILE**

Daniel P. Burke
Daniel P. Burke & Associates, PLLC
300 Rabro Drive, Suite 131
Hauppauge, New York 11788

Sammartino & Berg, LLP
128 Dorrance Street, Suite 400
Providence, Rhode Island 02901

Re: *Rush Industries, Inc. v. Garnier LLC & John Does 1-5*
U.S. District Court, Eastern District of New York
CV-05-4910

Dear Counselors,

This letter is a supplement to CVS's previous objection to and rejection of Rush Industries, Inc.'s subpoena, which was served on CVS on or about November 8, 2006. CVS further objects to the subpoena on the grounds that it requests documents that contain trade secret information and notices a deposition concerning trade secret information.

Without waiver, CVS objects to the following document requests, as they seek documents containing trade secret information: 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 19, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 38, 42, 43, and 44.

Without waiver, CVS objects to the following deposition topics, as they concern trade secret information: 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 19, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 38, 42, 43, and 44.

Sincerely,

Megan J. Muoio
(MM-6121)