PaulHastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street • New York, NY 10022
telephone 212 318 6000 • facsimile 212 319 4090 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(212) 318-6037
robertsherman@paulhastings.com

November 17, 2006 29172.00084

VIA ECF

Magistrate Judge E. Thomas Boyle
United States District Court
E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

Re: Rush Industries, Inc v. Garnier LLC CV-05-4910 (LDW) (ETB)

Dear Judge Boyle:

We represent defendant Garnier LLC and subpoenaed non-party L'Oréal USA, Inc. in the above-referenced action.

At the July 24, 2006 conference held before the Court, his Honor set a discovery completion date of November 30, 2006 and requested that the parties count back from that date to determine all other deadlines. Based on the spacing between deadlines in all prior schedules, that resulted in the following:

| | |
|---|---|
| Fact discovery to be completed by: | September 12, 2006 |
| Initial expert reports: | October 30, 2006 |
| Rebuttal expert reports: | November 30, 2006 |
| Joint pretrial order: | December 13, 2006 |
| Final pretrial conference (by phone): | December 26, 2006 |

We wrote to Daniel Burke, attorney for plaintiff, on September 1, 2006 and again on September 20, 2006 to confirm the foregoing schedule. Copies of our letters are attached as Exhibits A and B, respectively.

In his letter of September 21, 2006 (attached as Exhibit C), Mr. Burke agreed with all of the foregoing dates, except the date for completion of fact discovery. He stated that "Judge Boyle indicated that the parties could continue to take fact discovery beyond any previously indicated cutoff." What Mr. Burke failed to appreciate, however, is that his Honor's instructions permitted the parties only (a) to supplement responses to existing discovery requests after the close of discovery and (b) to take depositions that were noticed prior to the close of fact discovery but not completed before that date, and left to counsel to work out the logistics.

PaulHastings
ATTORNEYS



Plaintiff now takes the position that the close of *fact* discovery coincides with the close of *expert* discovery on November 30, 2006. Not only would that be illogical as well as impractical, but also does not conform to his Honor's instructions or to any scheduling order previously entered in this action. Mr. Burke relies on the July 24, 2006 order issued by the Court, which lists November 30, 2006 as the final close of discovery, but which does not specify the intermediate deadlines for fact discovery and expert reports, etc. A copy of that order is attached as Exhibit D. The Court is asked to compare that schedule to the schedules at Exhibits E and F, which clearly distinguish between the close of *fact* discovery and the close of *expert* discovery.

On October 30, 2006, plaintiff served additional document requests on Garnier. In our letters of November 1 and 3, attached hereto as Exhibits G and H, we reminded Mr. Burke of the September 12, 2006 close of fact discovery and rejected those requests as untimely.

On November 7 and 8, nearly two months after the close of fact discovery, plaintiff served subpoenas on non-parties L'Oréal USA, Inc. and CVS Pharmacy, Inc. ("CVS"). Copies of those subpoenas are attached hereto as Exhibit I and J, respectively. The subpoena addressed to L'Oréal USA, Inc. lists sixty-two (62) deposition topics and sixty-one (61) document requests, while the subpoena addressed to CVS lists forty-seven (47) deposition topics and forty-five (45) document requests. Putting aside the facially burdensome nature of those subpoenas, they are fatally late. In a telephone conference held on November 10, 2006, Catherine Clayton, Esq. advised Mr. Burke that L'Oréal USA, Inc. was rejecting the subpoena as untimely and requested that it be withdrawn. The parties have met and conferred on that issue. Plaintiff has refused to withdraw the subpoena.

The Court already has ordered that expert damages reports are due either 30 or 45 days after the Court rules on pending discovery motions, depending on whether additional discovery is permitted, with rebuttal expert damages reports due 30 days thereafter. The Court also has deferred the final pre-trial conference call to April 10, 2007.

At this time the undersigned respectfully asks the Court to confirm that fact discovery is closed and to set new dates for the close of expert discovery and for the filing of witness and exhibit lists. Because we otherwise will have to go through the time consuming and expensive process of various motions to quash, we respectfully ask that the Court give this

PaulHastings
ATTORNEYS



matter its prompt attention.

Respectfully submitted,

Robert L. Sherman

Robert L. Sherman
of PAUL, HASTINGS, JANOFSKY & WALKER LLP
RLS/lr
cc: Daniel P. Burke, Esq. (Via ECF)