# EXHIBIT "B"

LAW OFFICES OF
DANIEL P. BURKE & ASSOCIATES, PLLC
300 RABRO DRIVE, SUITE 131
HAUPPAUGE, NEW YORK 11788
(631) 851-9766
FAX: (631) 851-9755

DANIEL P. BURKE
GEORGIA DAMOULAKIS

PATENTS, TRADEMARKS
& COPYRIGHTS
DBurke@DPBurke.com
GDamoulakis@DPBurke.com

November 22, 2006

**VIA FACSIMILE**
1-212-213-3318

Megan J. Muoio, Esq.
Allyn & Fortuna, LLP
200 Madison Avenue, 5th Floor
New York, New York 10016-3903

Re: Rush Industries, Inc. v. Garnier LLC
CV-05-4910 (LDW) (ETB)

Dear Ms. Muoio:

This letter is to confirm our conversation of this afternoon shortly before 2:00 p.m. After you identified yourself and indicated that you had sent a letter earlier today on behalf of CVS, I noted that I was aware that you had sent a letter but had not had time to review it. That letter indicates that it was received by my office at 1:32 p.m. this afternoon.

You stated that you wanted to discuss Rush's document request and deposition topics. I offered to have a detailed discussion with you about each of those requests and topics at 4:00 p.m. this afternoon. I explained that I am in the middle of responding to a motion and could not discuss those topics in detail the moment you called. You stated that CVS' position is that it does not want to produce any documents, that even searching for any documents is a burden, that all of the document requests and deposition topics are irrelevant to Rush's lawsuit against Garnier LLC, and that you would be filing a motion to quash on behalf of CVS unless Rush agreed to withdraw the entire subpoena during our phone conversation. I informed you that Rush would not agree to a blanket withdrawal of its subpoena but that Rush remains willing to have a meaningful conversation about any or all document requests and deposition topics at a mutually convenient time. I informed you that Rush is willing to consider listing those requests and topics. You stated that you did not want to schedule a telephone discussion later this afternoon and that you would proceed with filing a motion to quash the subpoena in its entirety.

During that brief telephone conversation, you also stated that you believed Tina Egan, Esq. of CVS had attempted to discuss the scope of the subpoena. I explained that Ms. Egan had generally commented that she thought there were many topics in the subpoena but Ms. Egan never indicated a desire to discuss any specific document requests or deposition topics.

If you would like to have a meaningful "meet and confer" discussion about the scope of any of the document requests or deposition topics, please propose some convenient dates and times over the next few days.

Very truly yours,

Daniel P. Burke

DPB:lm/dms
F:\DB\536\20\MUOIO\MuoioMegan.wpd