UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re Subpoenas Issued to
CVS PHARMACY, INC.

| | | |
|---|---|---|
| RUSH INDUSTRIES, INC. | : | |
| | : | |
| v. | : | MISC. No. 06-107ML |
| | : | [EDNY No. 05-4910] |
| GARNIER LLC | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are Movant CVS Pharmacy, Inc.'s ("CVS") Motion to Quash (Document No. 1) and Plaintiff Rush Industries, Inc.'s ("Rush") Motion to Compel (Document No. 6). Both of these Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on December 18, 2006. For the reasons summarized below, CVS' Motion to Quash is GRANTED and Rush's Motion to Compel is DENIED.

**Background**

This discovery dispute arises out of a trademark infringement action filed by Rush against Garnier LLC in the Eastern District of New York (Central Islip). The case is pending before Senior District Judge Leonard D. Wexler and Magistrate Judge E. Thomas Boyle. The New York action alleges that Garnier infringed Rush's "Long 'n Strong" and "Long 'n Strong Extra" trademarks in connection with the marketing and sale of hair care products. Garnier allegedly sold its infringing "Long & Strong" hair care products through retailers including CVS. In addition, CVS allegedly

sold its own private label CVS "Long & Strong" hair care products. CVS is not a party to the New York action, and Rush's counsel represented that her client "has no intention of suing CVS."

CVS argues that Rush's document subpoena and Fed. R. Civ. P. 30(b)(6) deposition subpoena should be quashed "because the discovery sought is overbroad and unduly burdensome, seeks trade secret information, is improper and untimely." Rush counters that the discovery sought is relevant to its pending New York infringement action, not unduly burdensome, and not otherwise improper or untimely. Rush further counters that CVS' trade secret concerns can be addressed under the Protective Order entered on May 11, 2006 in the New York Action.

**Discussion**

Rush's subpoenas seek from CVS a Rule 30(b)(6) deponent(s) to testify as to 47 "topics" and production of all documents related to each topic. On their face, the subpoenas appear to be very broad and, as I noted to Rush's counsel at the hearing, they look more like discovery requests served on a defendant in an infringement action than third-party requests directed at a non-party retailer. I do not, however, need to determine at this time if the requests are overly broad and unduly burdensome since Rush has not convinced me that the requests are timely.

On January 26, 2006, Magistrate Judge Boyle of the Eastern District of New York issued a detailed discovery order in the New York action setting several deadlines for fact discovery, expert discovery and pretrial submissions. See Document No. 13 in Case No. 05-4910. In particular, the closure date for fact discovery was July 14, 2006, initial expert reports were due on August 30, 2006 and rebuttal expert reports due on September 30, 2006. Id. Witness and exhibit lists were due two weeks later on October 14, 2006 and a final pretrial conference scheduled for October 26, 2006. Id.

At a pre-motion conference held on July 24, 2006, Magistrate Judge Boyle issued a pro forma order extending the "discovery completion date" to November 30, 2006. See Document No. 21 in Case No. 05-4910. Rush argues that this Order extended all fact discovery until November 30 and thus the November subpoenas in this case were timely. CVS contends that the July 24 Order simply pushed out the entire pretrial schedule by sixty days and thus fact discovery closed on or about September 12, 2006. The current record supports CVS' position on this issue.

On September 1, 2006, Garnier's counsel sent a letter to Rush's counsel confirming "the revised discovery schedule" in the New York action. See Ex. 3 to Document No. 7. The revised deadlines were identified as follows: fact discovery – September 12, 2006 (originally July 14, 2006); initial expert reports – October 30, 2006 (originally August 30, 2006); rebuttal expert reports – November 30, 2006 (originally September 30, 2006); joint pretrial order – December 13, 2006 (originally October 14, 2006); and final pretrial conference – December 26, 2006 (originally October 26, 2006). Id.

On October 13, 2006, Rush's counsel sent a letter to Magistrate Judge Boyle (Document No. 58 in Case No. 05-4910) requesting "a brief extension to the present October 30, 2006 deadline for serving initial expert reports on the issue of damages" only. This letter suggests to me that Magistrate Judge Boyle did not extend all discovery until November 30, 2006 as might be suggested by the pro forma July 24, 2006 conference order alone but that he extended each of the pretrial deadlines by approximately sixty days. Thus, fact discovery appears to have closed on or about September 12, 2006 and Rush's November subpoenas served on CVS are quashed as untimely.

Over the last month or so, there have been several letters submitted to Magistrate Judge Boyle regarding clarification of the discovery schedule in the New York action. See Document Nos.

63, 64, 66 and 67 in Case No. 05-4910. To date, Magistrate Judge Boyle has not acted on the clarification request. Magistrate Judge Boyle must either believe that his prior order is unambiguous and not in need of clarification, or he has better things to do with his time than to referee this discovery dispute. Either way, my review of the docket in the New York action leads me to believe that fact discovery closed in that case in September and thus the November subpoenas at issue here are untimely. I am hesitant to rule otherwise based on the current record and to effectively "reopen" fact discovery in a case which is fourteen months old, apparently approaching trial, and not pending before this Court. If Magistrate Judge Boyle later extends the period for fact discovery or confirms that fact discovery was actually open until November 30, 2006, Rush may move this Court for reconsideration and a redetermination of its Motion to Compel and CVS' Motion to Quash on the merits.

**Conclusion**

For the foregoing reasons, CVS' Motion to Quash (Document No. 1) is GRANTED and Rush's Motion to Compel (Document No. 6) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 19, 2006